## Case No. 13,531.

STRAUSE et al. v. WESTERN UNION TEL. CO.

[8 Biss. 104.] [1]

Circuit Court, D. Indiana. Nov., 1877.

TELEGRAPH COMPANIES — NEGLIGENCE — FORGED MESSAGE—FORM OF ACTION.

1. A telegraph company, negligently delivering forged dispatches, is liable for the damage thereby sustained.

2. Where the dispatch was concerning the payment of a forged draft, the fact that the plaintiff had a remedy ex contractu against a solvent indorser, is not a bar to an action ex delicto against the company, and it is not necessary to sue the indorser first.

[Cited in Pacific Postal Tel. Cable Co. v. Fleischner, 14 C. C. A. 166, 66 Fed 905.]

The declaration alleges that the plaintiffs [Frederick Strause and others] are copartners and private bankers under the firm name of "The Citizens' Bank," at Ligonier, Indiana; that on the 25th day of December, 1875, a bill purporting to have been drawn by the Citizens' National Bank of Peru, Indiana, on Winslow, Lanier & Co., at New York, for $2,180, was presented at the plaintiffs' bank to be discounted; that the plaintiffs at once telegraphed to the Peru bank, asking if the draft was genuine, in answer to which telegram the Peru bank delivered to the defendant a dispatch saying, "it had drawn no such bill;" that the last named dispatch was sent over the defendant's wires from Peru to Ligonier, the plaintiffs paying the usual charges therefor; that on the receipt of the dispatch at Ligonier, the defendant placed the same in the hands of a messenger, to be delivered to the plaintiffs, but instead of delivering the genuine dispatch the messenger carelessly permitted a false and forged message saying the bill was correct, to be substituted therefor, which forged dispatch was duly delivered to the plaintiffs; that believing the forged dispatch was a reply from the Peru bank to the plaintiffs' dispatch, and in good faith believing the draft to be genuine, the plaintiffs paid out on the same the sum of $1,500 and issued their certificate of deposit for the balance. Judgment is demanded for $2,500.

In its third plea, the defendant alleges that the draft was on its face payable to L. W. Lane; that before any of the messages described in the declaration were delivered to the defendant for transmission, the draft had been indorsed by Lane to George Sackett, who after indorsing the same in blank had offered it to the plaintiffs for discount; that Sackett was at that time well known to the plaintiffs as a man of financial responsibility; that the money paid out on said draft was paid to Sackett; that no demand has been made on Sackett for said money, and no suit has been brought against him on his indorsement, although the defendant has

often notified the plaintiffs to sue the indorser; that no tender of said draft has been made to the defendant, whereby it might be subrogated to the rights of the plaintiffs; that the plaintiffs never protested the draft nor gave notice to Sackett of the dishonor thereof; that Sackett is still solvent; and that it is liable to the plaintiffs, in damages in the amount paid for the Peru bank's dispatch—namely, fifty cents and no more, which sum it tenders and brings into court. The fourth plea sets up the same facts in bar of the entire cause of action.

Demurrers to both pleas.

Baker, Hord & Hendricks and J. C. S. Mitchell, for plaintiffs.

McDonald & Butler, for defendant.

GRESHAM, District Judge. On the facts here stated the plaintiffs had a remedy against the defendant for its negligence, also against Sackett on his indorsement. There is no privity between Sackett and the defendant. If liable at all, the one is bound by his contract of indorsement while the other is liable as tort feasor. There is no right of subrogation in favor of the defendant against Sackett. Even if the defendant had paid the demand I am not able to see on what ground it could be subrogated to the rights of the plaintiffs against Sackett. So far as the pleadings are concerned Sackett was no party to the fraud which was successfully practiced against both the plaintiffs and the defendant. The presumption is that Sackett was a bona fide holder of the forged draft for value. In fact it was conceded in the argument that Sackett did not participate in the fraud, and that he was induced to sign the draft for accommodation. There is no equity in favor of the defendant against Sackett, and there is no relation of privity between them.

It is further urged by counsel for the defendant that when one person is injured by the fault of another the latter is liable for such damages only as are sustained after the injured party has used reasonable care and precaution to protect himself against the consequences of the negligent or injurious act. The soundness of this proposition cannot be questioned, but the authorities relied on to sustain it do not support the pleas even by analogy.

The defendant admits its negligence but insists that, because the plaintiffs had the genuine indorsement of Sackett, who was and still is solvent, the measure of damages is the amount paid for the dispatch sent by the Peru bank, namely, fifty cents.

If a railroad train is wrecked by the carelessness of a drunken engineer, the injured passengers have two remedies, one against the engineer for the tort, and the other against the company on contract. In an action by a passenger in such a case against

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the engineer, the latter would not be allowed to plead against all but nominal damages, that the passenger has a remedy against the solvent carrier.

If it be the law that the plaintiffs are damaged only to the amount paid for the dispatch, they holding the genuine indorsement of Sackett, then the forger himself, in an action of tort, would be liable for the amount the plaintiffs paid for the dispatch and no more.

Sackett's indorsement is worth just as much in the plaintiffs' hands against the forger as against the telegraph company.

A tort feasor is liable for the damages sustained by the injured party, and that, whether the law gives the plaintiff a remedy against other parties or not. When a wrongdoer is sued he is not allowed to plead to all but nominal damages, that by suing other solvent parties either in an action of tort or on contract the plaintiff can recover full compensation for the injury. Demurrer sustained.